[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10448
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02718-ELR


CHERLYN MITCHELL,

                                                    Plaintiff-Appellant,

versus

PRESBYTERIAN HOMES OF GEORGIA, INC.,
c/o Calvin Court
479 E. Paces Ferry Rd
Atlanta, GA 30305,
THOM ROCHENBACH,
Carlyle Place
5300 Zebulon Rd.
Macon, GA 31216
a.k.a. Tom Rokenback, et. al,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 23, 2020)

Before WILLIAM PRYOR, Chief Judge, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

Cherlyn Mitchell appeals the denial of her motion to reconsider the summary judgment in favor of Presbyterian Homes of Georgia and against her complaint of racial discrimination and retaliation involving the termination of her lease of an apartment. *See* Fed. R. Civ. P. 59(e). Mitchell moved for reconsideration based on a second affidavit prepared by Mary Jasper, a former employee of Presbyterian Homes. The district court denied the motion because the new affidavit was "entirely inconsistent with . . . and contradicted" Jasper's first affidavit, filed two years earlier, with "no explanation as to why [she] . . . completely changed her testimony" or why the affidavit "could not have been provided originally." We affirm.

When Presbyterian Homes moved for summary judgment in November 2017, it filed an affidavit of Jasper, who had succeeded Karen Lucas as its housing director. Jasper stated that the company rented apartments "without regard to race, color, or national origin" and that neither Ms. Lucas nor any other apartment

2

employee "ma[de] any racially negative comments about any resident," "discourage[d] African-Americans from renting," "conspire[d] to deny African-Americans housing," or "treat[ed] [Mitchell] or any other African-American in a disparate manner." Jasper stated that "[i]t was clear . . . Ms. Mitchell and Ms. Lucas did not like each other, but [she] did not observe any conduct by Ms. Lucas directed at Ms. Mitchell that was discriminatory" and that "Ms. Lucas was firm with all resident[s] without regards to their race and/or any other protected class." Jasper also stated that Mitchell's apartment lease was terminated "due to [her] numerous . . . violations" of rules governing "housekeeping, parking, and extended absences from the apartment" and "her failure to comply after being warned." Jasper stated that Mitchell "failed multiple inspections . . . due to clutter blocking her doorway that created a potential fire hazard"; she "was away from her apartment for more than 120 days in violation of House Rules and HUD Guidelines"; and her "car was towed from the premises due to her continued . . . parking . . . up front by the office in the handicap space . . . [when] informed to park . . . in the back of the property." Jasper stated that "Mitchell created a hostile environment during her tenancy" and that Jasper "agreed with the decision to terminate" Mitchell's lease because she "refused . . . to comply with the rules like everyone else."

During the following two years, the district court extended the deadlines for Mitchell to respond to the motion for summary judgment and for the parties to conduct discovery. But Mitchell never sought to depose Jasper. Later, Presbyterian Homes fired Jasper. On September 30, 2019, the district court granted summary judgment in favor of Presbyterian Homes.

On October 28, 2019, Mitchell moved for reconsideration and attached a new affidavit from Jasper that stated that an employee "performed the last room inspection of Plaintiff Mitchell's apartment . . . to generate grounds for termination of [her] lease." Jasper also averred that Lucas and other employees treated "white, or Caucasian, residents" differently than Mitchell. Jasper recounted that two white men "parked in handicapped spaces or in other prohibited parking areas . . . and they were not cited for parking violations nor did they have their vehicles towed" and that at least four female "white residents fail[ed] their room inspection," but she stated that "Lucas did not take action to evict such residents." Jasper also stated that "multiple African-American residents complained . . . [about] disparate, unfair, and racist treatment by Defendant Lucas"; that Lucas "publicly denigrated" Jasper "in the presence of multiple white residents," but never "sp[oke] to a white employee . . . in this abusive, disrespectful and offensive manner"; and that Lucas "treat[ed] an African-American resident . . . differently than she treated white residents after" Lucas "observed [the resident's] grandchildren . . . were black."

4

But Jasper's new affidavit offered no explanation for the inconsistent statements in her earlier affidavit.

The district court did not abuse its discretion by denying Mitchell's motion. The only argument that Mitchell makes is that the district court erred when it refused to credit Jasper's second affidavit as creating a genuine issue of material fact, but a party cannot "create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). Jasper's second affidavit flatly contradicted her earlier sworn statements that Lucas had not discriminated against Mitchell or any other resident. And Jasper's second affidavit offered no explanation for the glaring inconsistencies in her first and second affidavits nor for her delay in changing her testimony. The district court was entitled to treat Jasper's new affidavit as a sham and to disregard it.

We **AFFIRM** the denial of Mitchell's motion for reconsideration.

5